UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CHRIS SIEGLE,

Plaintiff,

vs.                                    Case No.: 6:11-cv-89-Orl-18GJK

LTD FINANCIAL SERVICES, L.P.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.
1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55
et seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant
to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection
Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's violation of the Fair Debt Collection
Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal
and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer
debt from Plaintiff.

4.      Venue is proper in this District because the act and transaction occurred here,
Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5.      Plaintiff, CHRIS SIEGLE, is a natural person who resides in the City of Oviedo, County of Seminole, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant LTD FINANCIAL SERVICES, L.P., (hereinafter "Defendant LTD") is a collection agency operating from an address of 7322 Southwest Freeway, Suite 1600, Houston, TX 77074, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant LTD regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant LTD regularly collects or attempts to collect debts for other parties.

9.      Defendant LTD was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.      Plaintiff's wife incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.      However, Plaintiff's wife incurred this debt prior to her marriage to Plaintiff. Therefore, Plaintiff had no legal financial obligations relating to the "debt".

12.      Sometime thereafter, the Plaintiff's wife's debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.      Defendant sought to collect from Plaintiff the debt that was not owing, arising from transactions incurred for his wife's personal, family or household purposes.

## COLLECTION CALL

14.     In or about November, 2010, Defendant LTD's collector contacted Plaintiff multiple times by telephone in an effort to collect this debt not legitimately owed to Defendant by Plaintiff, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## SUMMARY

15.     The above-described collection communication made to Plaintiff by Defendant LTD, and collection employees employed by Defendant LTD, were made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2), and 1692e(5), 1692e(8), 1692f, as well as the FCCPA § 559.72(9).

16.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt that was not owing, was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

## TRIAL BY JURY

17.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint
as though fully stated herein.

19.     The foregoing act and omission of the Defendant and its agents constitute
multiple violations of the FDCPA including, but not limited to, each and every one of the above-
cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

20.     Specifically, Defendants attempts to collect a satisfied debt from Plaintiff was a
violation of the FDCPA, 15 U.S.C. § 1692e(2), 1692e(5), 1692e(8), and 1692(f).

21.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to
statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,
reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant
herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

22.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as
though fully stated herein.

23.     Congress explicitly recognized a consumer's inherent right to privacy in
collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its
findings:

4

> Abusive debt collection practices contribute to the number of personal
> bankruptcies, to marital instability, to the loss of jobs, and to invasions of
> individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

24.     Congress further recognized a consumer's right to privacy in financial data in

passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for

a broad range of "financial institutions" including debt collectors albeit without a private right of

action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an
> affirmative and continuing obligation to respect the privacy of its
> customers and to protect the security and confidentiality of those
> customers' nonpublic personal information.     15 U.S.C. § 6801(a)
> (emphasis added).

25.     Defendant and/or its agent intentionally and/or negligently interfered, physically

or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff,

namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

26.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude,

seclusion, private concerns or affairs, and private financial information.

27.     The conduct of this Defendant and its agents, in engaging in the above-described

illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of

privacy by this Defendant which occurred in a way that would be highly offensive to a

reasonable person in that position.

## COUNT 3

## VIOLATION OF 559.72 (9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.     Defendant attempted, threatened, and tried to enforce a debt that was not

legitimate.

5

29.    Defendant knew that it's attempts to collect a debt that was not owing was in direct violation of 559.72(9).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  January 13, 2011

Respectfully submitted,

Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff

6